IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT CHRISTIANSEN,

                Petitioner,

v.

WARDEN E. EMMERICH,

                Respondent.

OPINION and ORDER

25-cv-793-jdp

---

Robert Christiansen, proceeding without counsel, seeks habeas relief under 28 U.S.C. § 2241, contending that the underlying facts do not support his conviction. Christiansen is a prisoner in the custody of the Federal Bureau of Prisons currently housed at the Federal Correctional Institution in Oxford, Wisconsin. He was convicted of attempted enticement of a minor to engage in illegal sexual acts and transportation of a minor with intent to engage in criminal sexual activity. *See United States v. Christiansen*, No. 3:17-CR-677 (D.S.C.). I previously denied Christiansen's petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Christiansen v. Rosenberg*, No. 24-CV-64-JDP, 2024 WL 2882207, at *1 (W.D. Wis. May 16, 2024), appeal dismissed, No. 24-2025, 2024 WL 5105534 (7th Cir. July 18, 2024). Now Christiansen again seeks habeas relief under § 2241. Dkt. 1.

I will deny Christiansen's new petition for the same reason that I denied his first one in this court. Only in rare cases a prisoner can challenge his conviction or sentence with a § 2241 petition, instead of a § 2255 petition, through the so-called "savings clause" contained in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255(e). But a prisoner may use the savings clause only if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *Id.* The circumstances in which the savings clause applies are narrow and

"cover[] unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court" in a § 2255 motion. *Jones v. Hendrix*, 599 U.S. 465, 474 (2023) (giving examples such as the dissolution of the sentencing court).

Christiansen is currently seeking § 2255 relief in the sentencing court. *See* Dkt. 169 and Dkt. 179 in the '677 case. It's possible that the sentencing court will deny that motion as untimely, but even if it does so, Christiansen cannot seek § 2241 relief here. *See Poe v. LaRiva*, 834 F.3d 770, 772 (7th Cir. 2016) (Availability of § 2241 relief under the savings clause "generally requires a structural problem in § 2255 that forecloses even one round of effective collateral review, unrelated to the petitioner's own mistakes." (internal quotation omitted and alteration adopted)); *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("A prisoner cannot be permitted to lever his way into section 2241 by *making* his section 2255 remedy inadequate . . . ." (emphasis in original)).

Christiansen argues that § 2241 relief is available to him because new evidence shows that he is actually innocent, citing *McQuiggin v. Perkins*, 569 U.S. 383 (2013). Christiansen doesn't explain what new evidence proves his innocence. But even if he did present new evidence that passed muster under the *McQuiggin* standard, that would be reason for the sentencing court to consider an otherwise untimely § 2255 motion. This court cannot consider a § 2241 petition if § 2255 relief is available.

ORDER

IT IS ORDERED that:

1. Petitioner Robert Christiansen's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. The clerk of court is directed to enter judgment and close this case.

Entered November 14, 2025.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge